**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

LINDA DIANE NORMAN,

    Plaintiff,

vs.                                                                              CASE NO. 3:12-cv-54-J-TEM

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    Defendant.[1]

_____

**ORDER AND OPINION**

    This case is before the Court on Plaintiff's complaint (Doc. 1), seeking review of the final decision of the Commissioner of the Social Security Administration ("the Commissioner") denying Plaintiff's claim for a period of disability and disability insurance benefits ("DIB"). Both parties have consented to the exercise of jurisdiction by a magistrate judge, and the case has been referred to the undersigned by the Order of Reference dated April 2, 2012 (Doc. 12). The Commissioner has filed a transcript of the underlying administrative proceedings and evidentiary record (hereinafter referred to as "Tr." followed by the appropriate page number). For the reasons set out herein, the Commissioner's decision is **AFFIRMED.**

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Commissioner Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I. Procedural History**

Plaintiff filed an application for a period of disability and disability insurance benefits, alleging disability beginning July 31, 2003 (Tr. 116-19). Plaintiff's applications were denied initially and upon reconsideration (Tr. 57-66). Plaintiff requested an administrative hearing, which was held on April 21, 2010 (Tr. 27-56). The administrative law judge ("ALJ") issued a decision denying Plaintiff's applications on June 9, 2010 (Tr. 8-26). Plaintiff filed a request for review, which the Appeals Council denied on December 13, 2011 (Tr. 1-7). Plaintiff filed the instant action on January 18, 2012 (Doc. 1).

**II. Summary of the ALJ's Decision**

A plaintiff may be entitled to disability benefits under the Social Security Act if she is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected either to result in death or last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). The Commissioner has established a five-step sequential evaluation process for determining whether a plaintiff is disabled and therefore entitled to benefits. *See* 20 C.F.R. §§ 404.1520, 416.920[2]; *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997). First, if a claimant is engaging in substantial gainful activity, she is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments that significantly limits her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's

---

[2] Unless otherwise specified, all references to 20 C.F.R. will be to the 2012 edition.

impairments do not prevent her from performing her past relevant work, she is not disabled. 20 C.F.R. § 404.1520(f). Fifth, if a claimant's impairments (considering her residual functional capacity, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled. 20 C.F.R. § 404.1520(g). A plaintiff bears the burden of persuasion through step four, but the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987).

In the instant case, the ALJ found that Plaintiff last met the Social Security Act's insured status requirements on March 31, 2009 (Tr. 13). At step one of the sequential evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity since July 31, 2003, the alleged onset date, through her date last insured. *Id.* At step two, the ALJ found Plaintiff suffered from the following severe impairments: degenerative disc disease of cervical spine, degenerative disc disease of lumbar spine, chronic fatigue, anemia and left foot disorder. *Id.* At step three, the ALJ determined Plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* At step four, the ALJ found

> through the date last insured, the claimant did not have the residual functional capacity to perform even sedentary work[3] as defined in 20 CFR 404.1567(a) as she is able to sit up to 6 hours per day, 1 hour at a time. She is able to stand/walk up to 2 hours per day, 15 minutes at a time. She can lift/carry 10 pounds occasionally and 5 pounds frequently. She is limited to bending, stooping, crouching, kneeling or climbing stairs on an occasional basis. She is precluded from climbing ladders/ropes/scaffolds or crawling. She is precluded from working at unprotected heights or around moving/hazardous machinery. She cannot use/operate foot controls. She

---

[3] In her brief, Plaintiff concedes the ALJ's statement that Plaintiff could not perform sedentary work appears to be a typographical error since the ALJ ultimately concluded Plaintiff could perform a limited range of sedentary work (Doc. 14 at 2).

3

> would need to do slow to moderate pace work. She cannot spend more than 1/3 of an 8 hour day in total with her upper body in a fixed position (i.e. stay in fixed position for work such as keying).

(Tr. 14). Considering this RFC, the ALJ found that Plaintiff was able to perform her past relevant work as a personnel clerk and personnel clerk supervisor (Tr. 21). The ALJ provided the following rationale:

> In comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant was able to perform it as generally performed. The vocational expert testified that according to the Dictionary of Occupation Titles, the claimant could perform the above work as generally performed. The vocational expert's testimony was consistent with the Dictionary of Occupational Titles with the exception of the claimant's ability to remain in a fixed position for up to 1/3 of day. Since the Dictionary of Occupational Titles deals more with description of job duties rather than postural limitations, the vocational expert's testimony is generally accepted in accordance with SSR 00-4p to that extent.

(Tr. 21-22). Therefore, the ALJ found that Plaintiff was not under a disability at any time from July 31, 2003 through March 31, 2009 (Tr. 22).

### III. Standard of Review

The scope of this Court's review is generally limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence. *See also Richardson v. Perales*, 402 U.S. 389, 390 (1971).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is defined as more than a scintilla, i.e., evidence that must do more than create a suspicion of the existence of the fact to be established . . . and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citation omitted).

Where the Commissioner's decision is supported by substantial evidence, the Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence that is favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560.

The Commissioner must apply the correct law and demonstrate that he has done so. Although the Court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the reviewing court must not re-weigh the evidence, but must determine whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the plaintiff is not disabled. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

In all Social Security disability cases, the plaintiff bears the ultimate burden of proving disability and is responsible for furnishing or identifying medical and other evidence regarding the claimed impairments. *Bowen*, 482 U.S. at 146 n.5; *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991); *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987); 42 U.S.C. § 423(d)(5)(A) ("An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require."). It is the plaintiff's burden to provide the

relevant medical and other evidence establishing disabling physical or mental functional limitations. 20 C.F.R. § 404.704.

## IV. Analysis

Plaintiff raises one argument on appeal. Plaintiff argues the ALJ misstated the vocational expert's ("VE") testimony and substantial evidence does not support the ALJ's finding that Plaintiff could perform her past work as a personnel clerk and personnel supervisor as generally performed. Specifically, Plaintiff contends the VE did not have any basis for determining whether the occupations of personnel clerk and personnel clerk supervisor as performed in the general economy would allow for an inability to remain in a fixed position for up to one-third of the workday. Plaintiff contends the VE actually testified that the DOT did not address the limitations presented in the ALJ's hypothetical question and that she had not personally done any studies to verify how the occupations were generally performed; therefore, her testimony was speculative and does not constitute substantial evidence to support the ALJ's step four finding.

The Commissioner responds that the VE "properly performed her role as an expert, testifying from her expertise and basing her opinion on the description of the jobs as described in the DOT" (Doc. 15 at 10). According to the Commissioner, "Eleventh Circuit case law, the applicable regulations, and the pertinent administrative ruling support the ALJ's reliance on the VE's expertise in this instant case." *Id.* Upon review of the record and applicable law, the Court agrees with the Commissioner.

In the instant case, the ALJ determined Plaintiff "cannot spend more than 1/3 of an 8 hour day in total with her upper body in a fixed position (i.e. stay in fixed position for work

such as keying)" (Tr. 14). The ALJ incorporated this limitation into his hypothetical question to the VE:

> I want you to assume that no more than one-third of the time could be spent in a fixed position with the upper body. And let me explain what I'm trying to get at with this portion of the hypothetical. When you're keyboarding intensively, you have to stay in kind of a rigid position while you're entering the data or typing, what have you, and that's what I'm referring to, that no more than one-third of the day should be where you have to stay in a position like that because of the need to be moving, be able to move around a fair amount.

(Tr. 21). The VE testified that Plaintiff described her jobs as requiring a lot of keyboarding, but the description contained in the Dictionary of Occupational Titles ("DOT") included "a lot of other duties beside keyboarding" (Tr. 50). The ALJ stated, "So, as actually [performed], we're going to say no, but as generally [performed], what's your opinion?" *Id.* The VE responded that the personnel clerk position "could be performed within the hypothetical *as defined by the DOT*." *Id.* (emphasis added). In response to questions from both the ALJ and Plaintiff's attorney, the VE explained the portion of the hypothetical relating to remaining in a fixed position "is not stated, per se, in the DOT" (Tr. 51). The VE read the DOT's description for the duties of the personnel clerk and clerk supervisor, and acknowledged the DOT did not give any information as to how much time was spent at a computer (Tr. 51-53). Toward the conclusion of the hearing, the following exchange occurred between the ALJ and the VE:

> VE: [T]he personnel clerk, I'm picturing more like interaction on a phone or in person, with people stopping in the office to ask questions and actually getting up and going to a filing cabinet and, and doing mailouts or, you know, those kinds of handling things I think would accommodate not requiring the fixed position on the computer. But, again, unfortunately I have not done the formal job analysis and her description sounds like it was heavily reliant –
>
> ALJ: That's why I have –

7

> VE: – on the computer.
>
> ALJ: –no down for as actually performed.
>
> VE: Excuse me?
>
> ALJ: But these two – I have no down as for actually performed --
>
> VE: Yeah.
>
> ALJ: – but as far as the personnel clerk supervisor, is it the same as personnel clerk, no [on] actual and yes to generally performed or was it different?
>
> VE: I, I would say the answer is the same because the DOT does indicate the variety of duties.

(Tr. 55). Thus, the VE testified, with respect to both positions, that Plaintiff could not perform her past relevant work as actually performed because her work was heavily reliant on using a computer, but she could perform her past relevant work as generally performed because the DOT indicated a greater variety or "range" of duties that did not require remaining in a fixed position at a computer. The VE stated her testimony was consistent with the DOT except to the extent that the DOT did not contain enough information to answer the hypothetical (Tr. 55-56).

Upon review of the transcript of the hearing, the Court disagrees with Plaintiff's assertions that the ALJ misstated the VE's testimony and that the VE's testimony was equivocal, speculative or ambiguous. Rather, the Court finds the ALJ properly relied on VE testimony to determine whether Plaintiff could perform her past relevant work. VE testimony is particularly helpful in a case such as this, where the ALJ identifies limitations that are not addressed by the DOT.

The Regulations provide for the utilization of a vocational expert in making the determination of whether a claimant can return to past relevant work.

> We may use the services of vocational experts or vocational specialists, or other resources, such as the "Dictionary of Occupational Titles" and its companion volumes and supplements, published by the Department of Labor, to obtain evidence we need to help us determine whether you can do your past relevant work, given your residual functional capacity. *A vocational expert or specialist may offer relevant evidence within his or her expertise or knowledge concerning the physical and mental demands of a claimant's past relevant work, either as the claimant actually performed it or as generally performed in the national economy.* Such evidence may be helpful in supplementing or evaluating the accuracy of the claimant's description of his past work. In addition, a vocational expert or specialist may offer expert opinion testimony in response to a hypothetical question about whether a person with the physical and mental limitations imposed by the claimant's medical impairment(s) can meet the demands of the claimant's previous work, either as the claimant actually performed it or as generally performed in the national economy.

20 C.F.R. § 404.1560(b)(2) (emphasis added). The Eleventh Circuit has noted the DOT "is not the sole source of admissible information concerning jobs." *Jones v. Apfel*, 190 F.3d 1224, 1230 (11th Cir. 1999) (quoting *Barker v. Shalala*, 40 F.3d 789, 795 (6th Cir. 1994)). Because the DOT is not comprehensive, the ALJ should utilize VE testimony to supplement the information contained in the DOT. *Id.; see also Weatherbee v. Astrue*, 649 F.3d 565, 569 (7th Cir. 2011) ("Vocational Experts often supplement the information provided in the DOT by providing an impartial assessment of the types of occupations in which claimants can work and the availability of positions in such occupations."); *Reynolds v. Barnhart*, 36 Fed. Appx. 575, 576 (8th Cir. 2002)[4] ("In this case, the vocational expert provided additional information about certain jobs listed in the DOT, namely, whether those jobs allowed workers to alternate between sitting and standing. The vocational expert's testimony did

---

[4] Unpublished opinions are not considered binding authority; however, they may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

9

not contradict any information in the DOT; rather, it served as a supplement to that information. The ALJ was entitled to accept the expert's testimony and to base his decision upon it."); *Carey v. Apfel*, 230 F.3d 131, 145 (5th Cir. 2000) ("This Court has recognized that the DOT is not comprehensive, in that it cannot and does not purport to include each and every specific skill or qualification for a particular job. The value of a vocational expert is that he or she is familiar with the specific requirements of a particular occupation, including working conditions and the attributes and skills needed." (internal citations and quotations omitted)); *Lusk v. Astrue*, No. 1:11-cv-196-MR, 2013 WL 498797, at *5 (W.D.N.C. Feb. 11, 2013) ("The DOT is silent as to the availability of a sit/stand option for these particular positions; as such, it was entirely proper for the ALJ to obtain and consider VE testimony in order to supplement the DOT job descriptions. Since the VE had an ongoing knowledge of local vocational practices, he was qualified to determine which jobs an individual with the Plaintiff's RFC could perform, and the ALJ properly relied on his testimony in finding that Plaintiff could perform other work that existed in significant numbers in the national economy."); *Adams v. Astrue*, No. 3:07-cv-438-J-MCR, 2010 WL 3293344, at *8 (M.D. Fla. Aug. 19, 2010) (finding ALJ properly relied on VE testimony to supplement the information contained in the DOT); SSR 00-4p ("Evidence from VEs or VSs can include information not listed in the DOT. . . . Information about a particular job's requirements or about occupations not listed in the DOT may be available in other reliable publications, information obtained directly from employers, or from a VE's or VS's experience in job placement or career counseling.").

Further, the VE may testify from her own expertise and is not required to provide supporting data, such as formal job surveys, to provide a foundation for her testimony. *See*

*Bryant v. Comm'r of Soc. Sec.*, 451 Fed. Appx. 838, 839 (11th Cir. 2012) ("The Social Security regulations provide that an ALJ may rely on a VE's knowledge and expertise, and they do not require a VE produce detailed reports or statistics in support of her testimony."); *Leonard v. Comm'r of Soc. Sec.*, 409 Fed. Appx. 298, 301 (11th Cir. 2011) ("The Commissioner may rely on a VE to 'offer relevant evidence within his or her expertise or knowledge concerning the physical and mental demands of a claimant's past relevant work . . . .'" (quoting 20 C.F.R. § 404.1560(b)(2))); *Curcio v. Comm'r of Soc. Sec.*, 386 Fed. Appx. 924, 926 (11th Cir. 2010) ("[T]he Social Security regulations clearly allow that the Commissioner may rely on a VE for her knowledge or expertise."); *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) ("A VE's recognized expertise provides the necessary foundation for his or her testimony. Thus, no additional foundation is required.").

In the instant case, the VE testified that Plaintiff could perform her past relevant work as generally performed in the national economy. The VE's testimony provides substantial evidence to support the ALJ's step four determination.

## V. Conclusion

Upon due consideration, the undersigned finds the decision of the Commissioner was decided according to proper legal standards and is supported by substantial evidence. As neither reversal nor remand is warranted in this case, the decision of the ALJ is hereby **AFFIRMED** pursuant to sentence four of 42 U.S.C. §405(g). The Clerk of the Court is directed to enter judgment consistent with this ruling and, thereafter, to close the file. Each party shall bear its own fees and costs.

**DONE AND ENTERED** at Jacksonville, Florida, this 19th day of March, 2013.

                                                                     _____
                                                                     THOMAS E. MORRIS
                                                                     United States Magistrate Judge

Copies to: All counsel of record